Angel NAZARIO, Plaintiff,

v.

DEERE & COMPANY d/b/a
John Deere and Barth,
Inc., Defendants.

No. 03 Civ. 4031(NRB).

United States District Court,
S.D. New York.

Dec. 17, 2003.

Perry Silver, John Chambers, PC, New York City, for Plaintiff.

Robert J. Walker, Gallagher, Walker, Bianco & Plastaras, Mineola, NY, for Defendants.

**MEMORANDUM and ORDER**

BUCHWALD, District Judge.

Plaintiff Angel Nazario ("plaintiff" or "Nazario") brought this personal injury/products liability action on January 10, 2003 in the Supreme Court of the State of New York. Defendant Deere & Company d/b/a John Deere ("Deere") removed the action to this Court on June 3, 2003.[1] Plaintiff now seeks to join non-diverse parties to this action and, pursuant to 28 U.S.C. § 1447(e), remand the entire action to New York state court.[2] As detailed

---

1. Plaintiff was served on May 5, 2003.

2. With the consent of the parties, we are treating Perry D. Silver's Letter of November

below, this is plaintiff's second attempt to return this federal suit to state court. For the reasons that follow, plaintiff's joinder/remand motion is denied.

## I. BACKGROUND

On January 11, 2000, plaintiff sustained injuries from an accident involving a "John Deere/Barth vehicle." *See* Notice and Petition for Removal, Ex. A. Plaintiff commenced suit on November 21, 2001, in the Supreme Court of New York, Bronx County, against Montefiore Medical Center ("Montefiore") and Truck Miles Inc. ("Truck Miles") (the suit is hereinafter referred to as "State Court Action").[3] Nearly fourteen months later, on January 10, 2003, plaintiff initiated the instant action against Deere and Barth in the Supreme Court of New York, Bronx County. For reasons far from clear to the Court, plaintiff did not seek to join Deere and Barth in the State Court Action; instead, plaintiff chose to bring two different suits in the same state court arising out of the same accident. On June 27, 2003, relying on the diversity between the parties, Deere removed this case to this Court.

Plaintiff contested Deere's removal and sought a remand on the basis that the removal was untimely and without unanimous consent of the defendants, and that remand would permit this action's consolidation with the State Court Action, thereby promoting judicial economy. *See* Plaintiff's Notice and Petition for Remand, June 27, 2003.

After a conference held on October 27, 2003, and by Order of the same date,

Nazario's proposed remand was denied. *See* Order of October 27, 2003. In short, we concluded that: (1) Deere's Notice of Removal was timely under 28 U.S.C. § 1446(b); (2) consent for removal from co-defendant Barth, Inc., ("Barth") was not needed as Barth was evidently out of business and could therefore be deemed nominal or non-existent as a matter of law; and (3) prospective consolidation or efficiency is not an appropriate basis for a remand under 28 U.S.C. § 1447(c)[4] (especially when defendant objects to the remand).[5]

By letter of November 12, 2003, plaintiff now seeks to join Montefiore and Truck Miles (the State Court Action's defendants) with the instant action (a maneuver which would destroy diversity) to be followed by a remand of the entire action to state court, pursuant to 28 U.S.C. § 1447(e).

Deere insists that granting plaintiff's motion would be both inequitable and severely prejudicial because: (1) discovery in the long-pending State Court Action has concluded and the case will soon be placed on the trial calendar; (2) judicial economy will not necessarily be served because (a) the questions of law and fact in the State Court Action are not so overlapping with the—instant action as to require a single trial, and (b) the parties in the long-pending State Court Action will be compelled to completely duplicate the discovery proceedings they recently completed; and (3) plaintiff's true (and improper) motive is to force Deere, an out-of-state target corpo-

---

12, 2003, as plaintiff's motion for and memorandum in support of party joinder and remand, and Robert J. Walker's Letter of November 21, 2003, as Deere's opposition memorandum to plaintiff's motion.

3. The suit is entitled *Nazario v. Montefiore Medical Center and Truck Miles Inc.,* indexed at 27321/01.

4. While plaintiff made references to § 1447(e) in his initial remand petition, these were considered outside the terms of the petition as plaintiff was not then seeking to join any additional parties.

5. *See* Transcript of Conference ("Transcript") of October 27, 2003, at 11.

ration, to defend itself in a notoriously inhospitable venue.

## II. Joinder and Remand Under § 1447(e)

Section 1447(e) of Title 28 of the United States Code provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

Joinder and remand under § 1447(e) must first satisfy Fed.R.Civ.P. 20, which permits a joinder of multiple defendants in one action "if there is asserted against [the defendants] any right to relief in respect of or arising out of the same transaction or occurrences and if any question of law or fact common to all defendants will arise in the action." *Id.* Although neither party directly addresses Rule 20, it is clear that this action's current and prospective defendants are each implicated in the same event (Nazario's accident), and that an action including all of these parties would involve at least one common question of law or fact. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (stating that under the Federal Rules generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") Rule 20 thus poses no obstacle to joinder.

■ District courts in this Circuit, however, permit a joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment. *See Soto v. Barnitt*, 00 Civ. 3453(DLC), 2000 WL 1206603 at *3

(S.D.N.Y. Aug. 23, 2000); *Gursky v. Northwestern Mutual Life Ins. Co.*, 139 F.R.D. 279, 282 (E.D.N.Y.1991). Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor. *See, e.g., In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843(LAK), 2002 WL 226409, at *1 (S.D.N.Y. Feb.13, 2002).

■ At the outset, given the test's emphasis on fundamental fairness and justice, we question the propriety of belatedly effectuating a result which plaintiff could have reached without waste and circuitousness. Plaintiff never pursued simply joining Deere as a party to the State Court Action. Plaintiff never sought to consolidate his state suit against Deere with the State Court Action despite having an ample period of time to do so. Plaintiff also neglected to pursue the instant joinder/remand proposal when it pressed its failed remand petition. Any of these options would have been unquestionably preferable to the unusual course opted for by plaintiff.

### A. Delay in seeking amendment.

■■ Delay in seeking amendment is measured from the date of removal. Deere removed this action on June 3, 2003, and plaintiff moved this Court for joinder and remand on November 12, 2003. Plaintiff could have brought the instant motion any time over these five months. *See Juliano v. Toyota Motor Sales, U.S.A., Inc.*, 20 F.Supp.2d 573, 576 (S.D.N.Y.1998) (stating that five months may be an improper delay). In light of the fact that granting plaintiff's motion may well interfere with the State Court Action, plaintiff's decision to wait five months to bring this motion is without justification. That plaintiff was pursuing its § 1447(c) remand petition during this period did not preclude it from bringing a motion based on § 1447(e). The timeliness of the instant

motion is highly questionable for purposes of this factor.

### B. Resulting prejudice to defendant.

■ Though Deere has an interest in defending against this action in this forum, and though removal to this Court was properly executed, for purposes of this factor we discern no prejudice to Deere which alone would warrant denying plaintiff's motion. Deere protests that Nazario's State Court Action has progressed through discovery and will soon be placed on the trial calendar.[6] We assume that if remand was ordered and Deere was not severed that the state court would reopen discovery and extend it to the extent necessary for Deere to defend itself. *See Da Cruz v. Towmasters of New Jersey, Inc.,* 217 F.R.D. 126, 135 (E.D.N.Y.2003). Nor has this action advanced in any way to a point where remanding it to state court with additional defendants will require Deere to revise or abandon a litigation strategy for which resources have already been expended. *See Amon v. Nelson,* No. 91 Civ. 3844(MBM), 1992 WL 8337 *4 (S.D.N.Y. Jan.15, 1992).

### C. Likelihood of multiple litigations.

■ We are cognizant that denying plaintiff's motion will create multiple litigations. However, it is not self-evident that plaintiff's actions are so related that denying remand would heedlessly undermine judicial economy and efficiency. Deere is implicated by plaintiff according to theory of liability different from that currently being advanced in the State Court Action. Whereas the State Court Action involves claims of negligence in maintaining a vehicle, the instant action proceeds on a products liability claim. Some particular issues of fact and law will undeniably be argued and litigated in both state and federal court, but there is not such a total congruence between the two actions which clearly tips this factor favor of a remand. Additionally, granting plaintiff's motion would essentially interpose Deere into the State Court Action. Certainly this would stall and disrupt a nearly trial-ready suit in which the existing defendants have not sought to implead Deere. We thus find this factor to only slightly counsel for remand.[7]

### D. Plaintiff's motivation for the amendment.

■ Plaintiff argues he is pursuing joinder so that all of his claims can be adjudicated in one action. While this would be a permissible motive, a principal desire to destroy federal diversity jurisdiction is an impermissible motive. *See, e.g., Rosenthal v. Life Fitness,* 977 F.Supp. 597, 601 (E.D.N.Y.1997).[8]

Deere argues that plaintiff's primary intent is not to try the two cases as one, but rather to force Deere to litigate in a state court venue notoriously inhospitable to target defendants such as Deere.

---

6. Deere represents that a Note of Issue for trial will be filed in the State Court Action no later than January 30, 2004.

7. Plaintiff's warning against multiple litigation and risks of inefficiency and inconsistent results bears some irony. Plaintiff brought two different actions in state court, and plaintiff never pursued consolidation thereof. For plaintiff, avoidance of multiple and inefficient litigation has only now acquired primacy.

8. Creation of a nominal or fraudulent nondiverse party, for example, will not be condoned by allowing joinder followed by remand. *See Young v. Simon Ladder Towers, Inc.,* No. 96 Civ. 0189E (SC), 1996 WL 685753 at *3 (W.D.N.Y. Nov.26, 1996), citing *Allied Programs Corp. v. Puritan Ins. Co.,* 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (holding that a plaintiff may not extinguish diversity jurisdiction by fraudulently joining "parties who are not truly related to the cause of the action but who happen to be residents of the state where the action is brought").

We are compelled to agree with Deere that plaintiff is not and has not been driven by a desire to litigate its claims against each defendant in one single action. The evidence is abundant.

■ Plaintiff never sought leave to amend the State Court Action to add Deere as a defendant. Based on representations made to the Court during the conference on plaintiff's remand petition, we understand that, given the late date he was filing his action against Deere, plaintiff feared that moving for joinder and awaiting a court order or party consent would have taken too much time and the statute of limitations would consequently lapse. Plaintiff represented that he "started a separate Bronx state court action with the intent of then consolidating the two Bronx state court actions. The John Deere case was removed before we could make that motion." Transcript at 2.

The foregoing explanation strains credulity because plaintiff never in fact moved to consolidate the two state suits. Plaintiff filed his action against Deere in state court

via Summons with Notice on January 10, 2003. Plaintiff served Deere's statutory agent on April 28, 2003. Deere itself received the Summons with Notice on May 5, 2003. Deere filed its removal notice on June 3, 2003. Plaintiff had nearly *five months* to move to consolidate the two state suits. Plaintiff never did. This critically undercuts the notion that plaintiff is principally interested in joining all of the defendants in one action.

Finally, the instant application for joinder was made only after plaintiff was denied remand.[9] It appears that only now is plaintiff, as a last resort, placing the need to unite each defendant at the fore.[10]

We can only infer from plaintiff's litigation behavior to this point and the course he has selected to arrive at the current motion that plaintiff is primarily interested in forcing Deere to defend itself in state court. Certainly plaintiff is currently interested in joining each defendant into one action; however, we find that this interest is a means to an end and not an end in and of itself.[11]

9. Plaintiff's remand petition was also based, in part, on this consolidation and efficiency argument. It bears reiteration, however, that plaintiff had five months worth of opportunities to consolidate these two actions, and that plaintiff did not assert the § 1447(e) proposal in his initial remand petition. Thus, whereas granting the instant motion would join all of the defendants before remand, had we granted the remand petition there was no guarantee that the state court would have followed by consolidating.

10. It is true that courts in this Circuit have viewed the existence of a pending and related state court action as evidence countering an improper motivation charge, noting that the pending state action in those cases reflects a "desire to have all ... claims relating to [a single event] heard in a single action." *See Young v. Simon Ladder Towers, Inc.*, No. 96 Civ. 0189E (SC), 1996 WL 685753 at *3 (W.D.N.Y. Nov.26, 1996). However, as explained *supra*, the evidence here powerfully rebuts this benign inference.

11. Some courts in this district have granted joinder and remand notwithstanding the possibility that a plaintiff's sole motivation was the elimination of diversity of citizenship. One such decision stated "[w]here there is no evidence that joinder would be fraudulent or improper ... [the assertion that joinder is sought solely to destroy diversity] is insufficient to defeat the joinder." *See Soto v. Barnitt*, No. 00 Civ. 3453(DLC), 2000 WL 1206603 at *2 (S.D.N.Y. Aug.23, 2000); *see also Young v. Simon Ladder Towers, Inc.*, No. 96 Civ. 0189E (SC), 1996 WL 685753 at *3 (W.D.N.Y. Nov.26, 1996) (stating that creation of a nominal or fraudulent non-diverse party is insufficient to destroy diversity). Other courts reciting the standard under this factor have not referenced a requirement that defendant show fraud. *See, e.g., Rosenthal v. Life Fitness Co.*, 977 F.Supp. 597, 601 (E.D.N.Y. 1997). Even if Deere was required to demonstrate that plaintiff is seeking to join a sham party such as one that is fraudulent, improper or nominal, we would reach the same deci-

## CONCLUSION

To summarize, we find that plaintiff filed the instant motion only after an undue and unnecessary delay. This delay and plaintiff's unconventional litigation strategy leave a distinct impression that plaintiff's motion is improperly motivated. Additionally, the anticipated judicial efficiency which would obtain after joinder and remand is not alone so considerable as to serve the ends of fundamental fairness and justice which guide the § 1447(e) analysis.

For the foregoing reasons, plaintiff's motion to join non-diverse defendants and remand this action to state court is denied. The parties are directed to appear for a pre-trial conference on January 7, 2004, at 3:30 p.m. in Courtroom 21A, 500 Pearl Street.

**SO ORDERED.**

sion. The parties plaintiff seeks to join are nominal in the sense that plaintiff already has an action pending against each of them. Plaintiff is not looking to join Montefiore and Truck Miles so that he might receive relief from them; plaintiff did this two years ago when he initiated the, State Court Action.