ABRAHAM NATURAL FOODS
CORP., Plaintiffs,

v.

MOUNT VERNON FIRE INSURANCE
CO., et al., Defendants.

No. 05–CV–4824.

United States District Court,
E.D. New York.

Sept. 18, 2008.

Daniel Dong Min Kim, Danbee Kim, Law Offices of Daniel D. Kim P.C., New York, NY, for Plaintiffs.

Eric B. Stern, Steven Verveniotis, Adam Kleinberg, Miranda Sokoloff Sambursky Slone Verveniotis LLP, Mineola, NY, Paul R. McDougal, Walsh, Markus, McDougal & DeBellis, LLP, Garden City, NY, Andrew L. Margulis, Geoffrey William Heineman, Eric Corey Weissman, Ropers, Majeski, Kohn & Bentley, P.C., Charles Myungsik Yoon, Yoon, Suh, Kim & So LLP, New York, NY, for Defendants.

GLASSER, Senior District Judge.

Defendants Modern Insurance Agency and Ok Z. Kim (collectively, "Modern"), each residents of New York, moved to dismiss the plaintiff's Amended Complaint as against them for lack of subject matter jurisdiction pursuant to Fed. R. of Civ. P. 12(b)(1). The plaintiff, Abraham Natural Foods Corp., made a cross-motion to remand the case to state court pursuant to 28 U.S.C. § 1447(e). The original defendant in the state court action, Mount Vernon Fire Insurance Company ("Mount Vernon"), together with United States Liability Insurance Group, Jay Keppol, Tim Hannigan and John Doe 6, submitted a brief on June 8, 2007 in support of Modern's motion to dismiss and in opposition to the plaintiff's cross-motion to remand, asking the Court to instead vacate its order allowing the plaintiff to file an Amended Complaint. For the reasons stated below, Modern's motion to dismiss is denied and the plaintiff's cross-motion to remand is granted.

## BACKGROUND

According to its Amended Complaint, the plaintiff was sued in a wrongful death action in state court arising from a car accident that occurred on March 20, 2002, involving a vehicle registered to the plaintiff and operated by its employee. Am. Compl. ¶¶ 31–32. Defendant Mount Vernon issued a commercial umbrella insurance policy to the plaintiff which was in effect at the time of the accident. Am. Compl. ¶¶ 33–34.

The plaintiff commenced an action in state court on September 26, 2005 by filing a Summons and Notice of Motion for Summary Judgment in Lieu of Complaint seeking a declaration that Mount Vernon, a Pennsylvania corporation, was obligated to indemnify and defend the plaintiff in the wrongful death action. The action was then removed to this Court on diversity jurisdiction grounds on October 13, 2005. The initial complaint before this Court dated March 3, 2006, named only Mount Vernon as a defendant. On September 29, 2006, the plaintiff sought leave to amend its complaint to add several other defendants on the basis of information from Mount Vernon's discovery responses and from the deposition of the plaintiff's president, Mun Sok Suh. Mount Vernon consented to the amendment. The plaintiff filed an Amended Complaint on November

7, 2006,[1] adding each of the defendants named below. The Amended Complaint alleges, and the defendants do not contest, that defendant Modern Insurance Agency is a New York business entity with its principal place of business in New York; that defendant International Underwriting Agency is a New York business entity with its principal place of business in New York; and that defendant Combined Underwriting Agency is a New York business entity with its principal place of business in New York.[2] Mount Vernon responded to the Amended Complaint on November 16, 2006 without addressing the jurisdictional issue.

In its order of June 1, 2007, this Court stayed three motions to dismiss the Amended Complaint. *Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.*, 2007 WL 1592977 (E.D.N.Y.). The first of these stayed motions was filed by defendants Combined Underwriting Agency Network and Paul Christofoletti, the second was filed by defendants United States Liability Insurance Group, Jay Keppol, Tim Hannigan and John Doe 6 and the third was filed by defendants International Underwriting Agency and Erin K. Bak. Each of the motions moved to dismiss under Rule 12(b)(1), arguing that this Court no longer has subject matter jurisdiction over the action because the addition of the New York defendants by the Amended Complaint eliminated the complete diversity required for diversity jurisdiction. These motions were stayed pending consideration of Modern's motion and the plaintiff's cross-motion. In staying those motions, this Court observed that "[t]he only viable question at this point in the proceedings is whether to

dismiss the action pursuant to Rule 12(b)(1), remand the case to state court pursuant to 28 U.S.C. § 1447(e), or sever the claims against the non-diverse defendants." *Id.* at 2. This is the question addressed below.

## DISCUSSION

■ The statute governing supplemental jurisdiction in the district courts, 28 U.S.C. § 1367(b), provides that in cases where original jurisdiction is founded solely on diversity, pursuant to 28 U.S.C. § 1332, district courts cannot assume supplemental jurisdiction over claims brought by plaintiffs "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Diversity jurisdiction is destroyed by the joinder of non-diverse defendants. For this reason, Modern moves that the Amended Complaint naming it as a defendant be dismissed pursuant to Rule 12(b)(1) as against it for lack of subject matter jurisdiction.

In response, the plaintiff argues that by having permitted joinder of the defendants added by the Amended Complaint, this Court is bound by the terms of 28 U.S.C. § 1447(e) and therefore must remand the case to state court. Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(c) further provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

---

1. For technical reasons involving an error in entering the Amended Complaint into the Court's Electronic Case Filing system, the plaintiff was subsequently permitted to delete and re-file the Amended Complaint on December 26, 2006.

2. For additional detail, *See Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.*, 2007 WL 1592977 (E.D.N.Y.).

■ However, where an amended complaint joining non-diverse parties has been permitted by the court, the court may avoid remand called for in section 1447 by either vacating the order permitting joinder pursuant to Fed. R. of Civ. P. 54(b) [3] or dismissing the non-diverse parties pursuant to Fed. R. of Civ. P. 21.[4] *Arias v. Biro Mfg. Co.*, 1995 WL 66431, *3 (S.D.N.Y.). This Court therefore revisits the joinder of Modern in order to determine whether joinder was proper.

■ The determination as to whether joinder of non-diverse parties in this situation is proper is based on a two-step showing that "joinder [is] merely permissible under Rule 20 of the Federal Rules of Civil Procedure, and that the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." *Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 281–82 (E.D.N.Y.1991).

## PERMISSIVE JOINDER

■ If the joinder of Modern is permissible under Rule 20, it then falls to the Court's discretion to determine whether joinder is proper in this case. This analysis takes place against the background policy of the federal courts favoring the broadest possible scope of action consistent with fairness to the parties. *Gursky*, 139 F.R.D. at 282 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Mount Vernon emphasizes that the additional non-diverse defendants are not in-dispensible parties under Fed. Rule of Civ. P. 19. Mount Vernon Mem. at 7 (citing *Arias*, 1995 WL 66431 at *2). However, as *Arias* indicates, in this case we need not decide whether defendant Modern is indispensible but must only determine whether the joinder of Modern is permissible. *Id.* at *1 ("The question whether to drop the non-diverse party lies in the discretion of the District Court unless the non-diverse party is indispensable, in which case the action must be dismissed or remanded, as appropriate."). For joinder to be permissible under Fed. R. of Civ. P. 20(a)(2) which governs the permissive joinder of defendants, relief sought from such defendants must arise "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Here, as in *Gursky*, the case against each of the defendants arises out of the process of obtaining an insurance policy. While the case against Mount Vernon may focus on the text of the policy and the case against Modern may focus on the obligations of an insurance broker in obtaining the policy, the facts are nonetheless substantially related. Here, the coverage claim and the broker malpractice claim will each look to the text of the policy and the manner in which the policy was obtained.

## FUNDAMENTAL FAIRNESS

■ The second step in the analysis is a determination as to whether joinder that will lead to a remand to state court com-

---

**3.** Rule 54(b), provides in relevant part:

... any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

**4.** Rule 21 provides:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

ports with principles of fundamental fairness. This fairness analysis is intended to balance the general preference for a broad scope of action against concerns relating to the manipulation of jurisdiction by a plaintiff.

> [A] trial court should look with particular care at the [plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court. In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes.

*McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 622–23 (S.D.N.Y.1984) (quoting *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir.1980)).

█ The use of a "fairness" analysis arises from *Gibbs:* "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Gursky*, 139 F.R.D. at 282 (quoting *Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130 (1966)). While more exhaustive lists of the possible factors relevant to fairness have been made, *McIntyre*, 103 F.R.D. 619 at 622, the four-factor balancing test described in *Gursky* distills the proper considerations and has been consistently used in this Circuit. *See e.g., Nazario v. Deere & Co.*, 295 F.Supp.2d 360, 363 (S.D.N.Y. 2003), *Soto v. Barnitt*, 2000 WL 1206603 at *3 (S.D.N.Y. Aug. 23, 2000), *Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919, 923 (S.D.N.Y.1995). The factors "weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Wyant*, 881 F.Supp. at 922. The four fac-

tors are: "(1) any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Gursky*, 139 F.R.D. at 282 (internal citations omitted).[5]

In its September 29, 2006 letter by counsel to Magistrate Levy, the plaintiff sought "permission to amend its Complaint to bring its insurance broker and underwriting agencies to this action" noting that it "found from the discovery that its insurance broker, Modern Ins. Agency, and its underwriting agencies failed to properly procure its umbrella insurance with defendant Mount Vernon," among other things. Defendant Mount Vernon claims the plaintiff delayed seeking to amend its complaint for several months after it had received discovery responses from Mount Vernon. Mount Vernon Mem. at 13. Among the discovery cited by the plaintiff is the deposition of its company president, Mun Sok Suh, on September 19. The fact that the plaintiff was still learning important new information from the deposition of its company president six months after its complaint was filed does not reflect well on the plaintiff's diligence, but the time frame alone does not support an inference of unreasonable delay.

The prejudice asserted by Mount Vernon is that the case would be unnecessarily delayed by remand, having been in the federal court since its removal in October 2005. Mount Vernon Mem. at 15. While unnecessary delay is unfortunate for the widow of the victim of the 2002 accident who stands to benefit from the resolution of this case, it is not clear that such a delay is prejudicial to Mount Vernon. To the extent that resolution of this case is delayed by remand to state court, the date at

---

**5.** Although reaching a different conclusion, Mount Vernon agrees that this is the proper test. Mount Vernon Mem. at 12 (citing *Nazario*, 295 F.Supp.2d 360).

which Mount Vernon would potentially have to pay out on the insurance policy that it issued to the plaintiff is also delayed.

If the claims against the non-diverse defendants named in the Amended Complaint are severed, some or all of them are likely to be made separately in state court. Mount Vernon argues that this is irrelevant because the non-diverse defendants added by the Amended Complaint are being pursued on theories of negligence, fraud or professional malpractice, and therefore any multiple litigations would be based on largely different facts and would not produce conflicting results. Mount Vernon Mem. at 16–17. In support of this proposition, Mount Vernon quotes *Nazario's* assessment of potential multiple litigations arising out of negligence claims and product liability claims that, "there is not such a total congruence between the two actions which clearly tips this factor in favor of a remand." *Nazario,* 295 F.Supp.2d at 364. However, the same paragraph concluded, "[w]e find this factor to only slightly counsel for remand." *Id.* The standard for permissive joinder as articulated by Rule 20, is not an identity of claims, but rather, "if … any question of law or fact common to all defendants will arise in the action." To the extent that there exists a general federal policy in favor of the joinder of claims, this factor, however slightly, favors joinder and remand as it did in *Nazario.*

Mount Vernon also alleges that the plaintiff's motivation for amending the complaint is to return the case to state court. Mount Vernon Mem. at 17–18. If remanding the coverage case to state court was the primary motive for amending the complaint, it is not clear what the plaintiff had to gain by waiting for a year from removal to add the non-diverse defendants. The plaintiff reasonably asserts that it did not include Modern and other related parties in the original complaint because it had trusted Modern's assurances that it was covered by the policy obtained by Modern and issued by Mount Vernon, *see* Am. Compl. ¶¶ 58–59, and only through discovery did the plaintiff learn that those assurances may not have been reliable. The apparent absence of bad faith by the plaintiff favors joinder.

In summary, this Court's review of the factors used to assess fairness provides no convincing basis to overcome the general policy in favor of joinder.

### CONCLUSION

The Court finds that the joinder of Modern was permissible under Rule 20 and that the plaintiff's reasons for joining Modern are legitimate and in keeping with considerations of fairness. Having so decided, this Court is therefore bound by § 1447(e) and the present action must be, and hereby is, remanded to state court. The motions for dismissal brought by other parties named in the Amended Complaint are rendered moot by the present order and are properly considered by the state court.

SO ORDERED.