**NATIONAL FOUNDATION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 346–85T.

United States Claims Court.

July 29, 1988.

George R. Grange, II, Washington, D.C., for plaintiff, Gammon & Grange, of counsel.

Kenneth C. Gobetz, Dept. of Justice, Washington, D.C., for defendant; with whom was William S. Rose, Jr., Asst. Atty. Gen.

## OPINION

ROBINSON, Judge.

This case is before the court on the defendant's motion to dismiss plaintiff's application for attorney's fees. Plaintiff, National Foundation, Inc. (NFI), successfully sought a declaratory judgment that it qualifies as a tax-exempt organization under Section 501(c)(3) of the Internal Revenue Code. As 26 U.S.C. Section 7430(b) excludes awarding of attorney's fees in declaratory judgment proceedings, plaintiff seeks attorney's fees under the Equal Access to Justice Act (EAJA). Defendant maintains that this court does not have jurisdiction to award attorney's fees in the instant case. Defendant's motion to dismiss plaintiff's application is granted for the reasons discussed below.

*Facts*

Plaintiff is a non-stock, nonprofit organization, incorporated on April 8, 1983, pursuant to the Maryland Nonprofit Corporation Law. On June 24, 1983, plaintiff filed a Form 1023 with the Baltimore District Director's Office of the Internal Revenue Service (IRS) seeking tax-exempt status as a nonprofit organization.

Not until December 2, 1983, did the IRS notify the plaintiff that it had referred the application without action to the national office. After another ten months passed, the IRS issued a tentative denial, but per-

mitted the plaintiff the opportunity to protest. The plaintiff promptly responded to the denial and on October 25, 1984, requested a conference with the IRS. At the December 5, 1984 conference, the IRS requested additional information. The plaintiff supplied the requested information on January 15, 1985. When the IRS did not take any further action, the plaintiff filed the complaint for a declaratory judgment under 26 U.S.C. Section 7428 of the Internal Revenue Code of 1986 on June 7, 1985, nearly two years after it had filed its Form 1023. In the interim, the plaintiff suffered great financial hardship and was near financial collapse.

In its October 30, 1987 opinion, this court commented that the IRS's delay in processing the plaintiff's application for tax-exempt status was "the antithesis of good government." *National Foundation, Inc. v. United States*, 13 Cl.Ct. 486, 496 (1987). The court found that "NFI's activities promote public policy and represent the very essence of charitable benevolence as envisioned by Congress in enacting Section 501(c)(3). NFI in purpose and effect has met the President's Executive Order to the charitable sector to fill the gaps as government services are withdrawn or trimmed. Exec. Order No. 12,329, 3 C.F.R. 187 (1982). NFI truly functions in the 'spirit of charity'." *Id.* at 494. The court concluded that the plaintiff qualified as a tax-exempt organization pursuant to Section 501(c)(3) of the Code. The court held that as plaintiff had exhausted its administrative remedies, it was entitled to a declaratory judgment granting it tax-exempt status. *Id.* Plaintiff now seeks attorney's fees pursuant to the EAJA.

Under the EAJA, a prevailing party in a civil action shall be awarded costs and fees, unless the position of the United States was substantially justified or there were special circumstances. 28 U.S.C. Section 2412. This provision of Title 28 applies to all Article III courts and the United States Claims Court. 28 U.S.C. Section 2412(d)(2)(F). However, the EAJA does not provide for recovery of attorney's fees in the Tax Court.

Prior to 1982, a taxpayer who brought suit in district court or the United States Claims Court could get attorney's fees, while a taxpayer who brought suit in the Tax Court could not. To rectify this inequity and to remove the possibility of forum shopping, Congress enacted 26 U.S.C. Section 7430 as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA). Section 7430 provides for the award of costs and fees to the prevailing party in federal tax litigation. However, Section 7430(b)(3) states:

> (A) In general.—No award for reasonable litigation costs may be made under Subsection (a) with respect to any declaratory judgment proceeding.
>
> (B) Exception for Section 501(c)(3) determination revocation proceedings.—Subparagraph (A) shall not apply to any proceeding which involves revocation of a determination that the organization is described in Section 501(c)(3).

In conjunction, Congress added Subsection (e) to 28 U.S.C. Section 2412, which provides:

> (e) The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which Section 7430 of the Internal Revenue Code of 1954 applies (determined without regard to Subsections (b) and (f) of such Section). Nothing in the preceding sentence shall prevent the awarding under Subsection (a) of Section 2412 of Title 28, United States Code, of costs enumerated in Section 1920 of such title (as in effect on October 1, 1981).

Both parties agree that the plaintiff is precluded from seeking attorney's fees pursuant to 26 U.S.C. Section 7430(a) since this is a declaratory judgment action. Plaintiff avers that notwithstanding 26 U.S.C. Section 7430(b)(3) and 28 U.S.C. Section 2412(e), it is entitled to recover attorney's fees under the EAJA. Defendant disagrees and interprets 28 U.S.C. Section 2412(e) to disallow recovery of attorney's fees under 28 U.S.C. Section 2412(a) when 26 U.S.C. Section 7430 is applicable.

## Discussion

Disposition of this case requires the interpretation of the controlling code sections, 28 U.S.C. Section 2412(e) and 26 U.S.C. Section 7430(b)(3). "As in all cases involving statutory construction, 'our starting point must be the language employed by Congress.'" *American Tobacco Company v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982), *quoting Reiter v. Sonotone Corp.*, 442 U.S. 330, 337, 99 S.Ct. 2326, 2330, 60 L.Ed.2d 931 (1979). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

The applicable rule of statutory construction is the plain meaning rule. It states that if the language of the statute is plain, the court must enforce the statute based on its terms and need not consider other rules of statutory construction. The plain meaning rule must be applied to clear and unambiguous statutes even if the results are harsh or unjust, unless the interpretation is absurd. The court may not go beyond the written text and interpret an unambiguous statute to uphold a favorable policy result which is not supported by its terms. Words should be given their common and approved usage.

A party who opposes application of the plain meaning rule to a provision must show either that "some other section of the act expands or restricts its meaning, that the provision itself is repugnant to the general purview of the act, or that the act considered in *pari materia* with other acts or with the legislative history of the subject matter, imports a different meaning." *See generally*, 2A *Sutherland Stat. Const.*, Section 46.01 (4th Ed. 1984 & Supp. 1988).

In the instant case, the plain meaning rule is applicable, and the court must concur with defendant's interpretation.

The parties agree that plaintiff cannot recover under 26 U.S.C. Section 7430. The parties disagree as to the meaning of 28 U.S.C. Section 2412(e). Plaintiff argues that the language and legislative history of the statute support its right to recovery under the EAJA. The court disagrees.

The language of Subsection 2412(e) clearly excludes recovery under 28 U.S.C. Section 2412 if Section 26 U.S.C. Section 7430 applies and unambiguously states that Subsections (b) and (f) of Section 7430 are not to be taken into account in the determination. As stated above, the parties agree that Section 7430(b) bars recovery under this section. Consequently, Section 7430 applies to this case, and recovery can not be had under 28 U.S.C. Section 2412.

Plaintiff has not convinced the court that the plain meaning rule should be abandoned in the instant case. Plaintiff's interpretation does not give the words of the provision their common and approved usage. Plaintiff attempted to show that the legislative history supports its interpretation. However, none of the cited legislative history specifically expresses congressional intent to allow recovery under the EAJA for declaratory judgments in tax litigation. Rather, Congress explicitly provided for recovery in one instance only— 501(c)(3) determination revocation proceedings. 26 U.S.C. Section 7430(b)(3)(B). Also, if recovery were allowed under the EAJA for declaratory judgments in tax litigation, forum shopping would result since EAJA recovery is not available in the Tax Court. Lastly, if the pertinent sections are read together to allow EAJA recovery, 26 U.S.C. Section 7430(b)(3) would be rendered meaningless.

As plaintiff has pointed out, the result of the court's reading of the provisions is harsh, in singling out charitable, nonprofit organizations which seek tax exempt status, and excluding them from recovery under 26 U.S.C. Section 7430. In this case, the plaintiff has suffered severe financial hardship in the past five years while its case was pending before the IRS and later before this court. Now, although plaintiff has prevailed on the merits of its case, regrettably it must absorb the cost of attorney's fees, spending money it could otherwise have used for charitable purposes.

While the court sympathizes with the plaintiff, the court can interpret the law only. It is the role of the legislature to make the law. In this case, the court cannot disregard the unambiguous terms of the statutes to further a desirable policy objective.

## Conclusion

The court must apply the plain meaning rule to 28 U.S.C. Section 2412(e) as its terms are unambiguous and clear and need not consider additional rules of statutory construction. Giving the words of 28 U.S.C. Section 2412(e) their common and approved usage, the court finds that plaintiff cannot recover attorney's fees under the EAJA for its successful declaratory judgment action pursuant to 26 U.S.C. Section 7428. Thus, the court grants defendant's motion to dismiss plaintiff's application for attorney's fees. The plaintiff's application for attorney's fees is therefore denied. The Clerk is directed to enter judgment accordingly. No costs.