10-711-cv(L)
Gosain v. State Bank of India, New York Branch, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand eleven.

PRESENT:

> AMALYA L. KEARSE,
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges.*

---------------------------------------------------------------

RAJIV SHAH GOSAIN,

> *Plaintiff-Appellant,*

> v.

10-711-cv(L),[*]
10-2783-cv(CON)

STATE BANK OF INDIA, NEW YORK BRANCH as successor to Bank of India Flushing Branch; STATE BANK OF INDIA (MUMBAI); TEXPLAS INDIA PRIVATE LTD.,
> *Defendants-Appellees.*

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          ADAM FRANCOIS WATKINS, Watkins Bradley & Chen LLP, New York, New York (Elias N. Sakalis,

---

[*] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Sakalis & Associates, Riverdale, New York, *on the brief*).

FOR DEFENDANTS-APPELLEES:  RICHARD S. LAST, Foreht Last Landau & Katz LLP, New York, New York.

Appeals from a January 30, 2010 judgment and a June 18, 2010 order of the United States District Court for the Southern District of New York (Marrero, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED** in part and **VACATED and REMANDED** in part. The order of the district court is **AFFIRMED**.

Rajiv Shah Gosain appeals principally from the district court's judgment dismissing his claims against State Bank of India, New York Branch ("New York Branch), as successor to State Bank of India, Flushing Branch ("SBI-Flushing") and State Bank of India (Mumbai) ("SBI-Mumbai") (collectively, the "SBI defendants" or "SBI") for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA"), dismissing his claims against defendant Texplas India Private Ltd. ("Texplas") for lack of personal jurisdiction, and denying his cross-motion to amend his complaint.  Gosain also appeals from the district court's order dismissing his second lawsuit filed in state court against the same defendants and removed to federal court.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I.     Discussion

### A.     Foreign Sovereign Immunities Act

Gosain first challenges the district court's conclusion that there was no subject matter jurisdiction over the SBI defendants under the FSIA, arguing that SBI is subject to jurisdiction under the first and third clauses of the commercial activity exception, 28 U.S.C. § 1605(a)(2), and because SBI waived immunity for claims arising out of the Smarrt credit agreement. Because Gosain did not raise the clause one and waiver arguments below, we deem those forfeited and do not address them otherwise. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (internal quotation marks and alterations omitted).

The district court rejected Gosain's argument that SBI's conduct satisfies the third clause of the commercial activity exception, which provides that a foreign state shall not be immune from suit "in any case . . . in which the action is based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). The district court accepted that the SBI defendants were engaged in commercial activity outside the United States, but held that the record did not support a finding that SBI's conduct in India had a "direct effect" in the United States because a financial loss to an individual in the United States is insufficient, standing alone, to satisfy the direct effect requirement of the third clause. *Gosain v. State Bank of India*, 689 F. Supp. 2d 571, 580-81 (S.D.N.Y. 2010) (citing *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 158 (2d Cir. 2007)). We agree.

3

"A district court's decision regarding subject matter jurisdiction under the FSIA is reviewed for clear error as to factual findings and *de novo* as to legal conclusions." *Swarna v. Al-Awadi*, 622 F.3d 123, 133 (2d Cir. 2010).

There is no dispute that the SBI defendants are eligible for immunity under the FSIA as instrumentalities of India. Accordingly, the SBI defendants are presumptively immune from suit unless an exception applies. 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). On appeal, Gosain relies on clause three of Section 1605(a)(2).

"To be a 'direct' effect within the meaning of the third clause of the commercial activity exception, the impact need not be either substantial or foreseeable; rather, 'an effect is direct if it follows as an immediate consequence of the defendant's activity,'" *Guirlando v. T.C. Ziraat Bankasi A.S.*, 602 F.3d 69, 74 (2d Cir. 2010) (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992)) (internal citation, quotation marks, and alteration removed). Also, "the defendant's conduct that is alleged to have had a direct effect in the United States must be legally significant." *Id.* at 77 (citing *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 931 (2d Cir. 1998)).

Gosain contends that the requisite "direct effect" may be established if the plaintiff's cause of action is based upon a denial of payment to be made in the United States. That may be true, *see id.* at 75 (noting that "a foreign state's failure to make payment in the United States as required by contract caused a direct effect in the United States within the meaning of § 1605(a)(2)"); Gosain's argument, however, skips over one crucial point—that his claims are not based on any *denial* of payment by SBI. The facts in Gosain's complaint establish at best that, in the event there were surplus funds from the TechInvest assets sale, SBI was to pay any such

4

surplus funds directly into an account in the United States. Even accepting that SBI would have paid any surplus funds directly to a U.S. account, Gosain fails to allege (a) that the asset sale resulted in surplus funds and (b) that SBI is denying him payment of those funds. Gosain's claims are predicated solely on allegations that SBI and Texplas conspired to rig the auction of TechInvest's assets, which resulted in sales proceeds well below market value. Presumably those funds were not sufficient to pay off SBI's loan to TechInvest, because Gosain has not alleged there are any surplus funds that SBI is refusing to pay into his U.S. account. Alleging that a fraudulent sale of assets resulted in sub-optimal proceeds that yielded no surplus is not the equivalent of saying that SBI is denying payment of funds owed by contract into a U.S. account.

Furthermore, "the mere fact that a foreign state's commercial activity outside of the United States caused physical or financial injury to a United States citizen is not itself sufficient to constitute a direct effect in the United States." *Id.* at 78. Thus, allegations that SBI's decision, in India, to reject TechInvest's change of management and subsequently withdraw funding, which in turn led to TechInvest's insolvency and low-yield assets sale, thus causing Gosain a financial loss, are not sufficient, as a matter of law, to establish the requisite direct effect under clause three of section 1605(a)(2). Having failed to allege a sufficient direct effect in the United States caused by the defendants' conduct, it is not necessary to reach the issue whether the conduct purported to have a direct effect was "legally significant."

B. Personal Jurisdiction over Texplas

Gosain next challenges the district court's determination that it lacked personal jurisdiction over Texplas. Gosain contends that Texplas (a) consented to the jurisdiction of the

5

court and (b) was "doing business" in New York sufficient to support the exercise of personal jurisdiction by the court in this case.

The district court concluded that there was no personal jurisdiction over Texplas because Gosain failed to establish that Texplas had any business presence in New York. *Gosain*, 689 F. Supp. 2d at 583. The court noted that, although plaintiffs are permitted to rely on affidavits to establish jurisdictional facts, Gosain's affidavits purporting to establish facts showing that Texplas does business in New York were either (a) based entirely on hearsay evidence, or (b) merely stated that Texplas had a website that New York residents could access. *Id.* at 582-83 The district court held those facts were insufficient to establish personal jurisdiction over Texplas. *Id.* at 583.

We review a district court's dismissal for lack of personal jurisdiction *de novo*. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). When faced with a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction to hear the claims. *Id.* "A plaintiff can make this showing through his own affidavits and supporting materials containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Id.* (internal quotations, citations, and alterations omitted). If affidavits are submitted, the court should construe all allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Id.*

As part of his submissions to support his claim of personal jurisdiction over Texplas, an Indian corporation, Gosain attached a letter on Texplas letterhead stating that:

> Texplas Group also maintains a fully functioning office in New York USA with all
> necessary infrastructure available, for its group companies for servicing of its valued
> USA and international clients, local stocking/distribution of items exported, clearance of

6

export payments etc. and is thus equipped to assist your illustrious organization in all ways for your export initiatives through us.

J.A. 313. It does not appear that the district court considered this letter in its analysis of whether Texplas was doing business in New York. Because it might be possible to establish personal jurisdiction under New York law on the basis of maintaining a fully-functioning office in New York, *see Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95, 98 (2d Cir. 2000) (noting that a plaintiff can establish a defendant is doing business in New York to make it present and subject to personal jurisdiction under N.Y.C.P.L.R. § 301 if it can show that the defendant "engaged in continuous, permanent, and substantial activity in New York," including, *inter alia*, "whether the company has an office in the state"), we must remand to the district court so that it may consider the whole record with respect to personal jurisdiction over Texplas and, if it finds such jurisdiction, to then resolve the question whether to dismiss on the ground of *forum non conveniens*.[1]

C.    Motion to Amend Complaint

Gosain argues that the district court erred in rejecting his amended complaint because, under Rule 15(a)(1) of the Federal Rules of Civil Procedure, where no responsive pleading has been filed, a plaintiff may file an amended complaint as a matter of right without permission of the court.

---

[1] On the issue of *forum non conveniens*, the district court stated that "even if it could exercise jurisdiction over the Defendants, it would likely dismiss the action on forum non conveniens grounds." *Gosain*, 689 F. Supp. 2d at 584. Because the district court did not expressly state it *was* dismissing on the basis of *forum non conveniens*, only that it *would likely* do so, we must remand to permit the court actually to determine that issue, if necessary.

7

We review a district court's decision to deny leave to amend a complaint for abuse of discretion. *Spiegal v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010) (per curiam). The version of Rule 15(a)(1) in effect during the relevant period stated that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Motions to dismiss are not considered responsive pleadings for purposes of Rule 15(a). *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 (2d Cir. 1996).

Although it was error for the district court to reject the amended complaint when Gosain still had the right to file an amended pleading as a matter of course without leave of the court pursuant to Rule 15(a), such error was harmless. The amended complaint does not cure the original complaint's jurisdictional defects, nor does it add any new timely or valid claims. Thus, amendment would be futile, and we affirm the district's court decision with respect to Gosain's motion for leave to amend the complaint.

D.     Dismissal of Removed Case

Gosain finally appeals the dismissal of his second suit, filed in state court on substantially the same grounds against the same defendants, and subsequently removed to federal court by the defendants. On appeal, Gosain offers no reason why that order should be vacated. Accordingly, the district court's order dismissing the second suit is affirmed.

IV.    Conclusion

We have considered all of Gosain's contentions on these appeals and, except to the extent indicated above, have found them to be without merit. For the foregoing reasons, the January 30, 2010 judgment of the district court is **AFFIRMED** in part and **VACATED and**

**REMANDED** in part for further proceedings consistent with this order.  The June 18, 2010 order

is **AFFIRMED**.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>