BUFFALO STATE ALUMNI ASSOCIA-
TION, INC., Buffalo State College
Foundation Housing Corporation,
LPCiminelli, Inc., and LPCiminelli
Construction Corp., Plaintiffs,

v.

The CINCINNATI INSURANCE COM-
PANY, Acadia Insurance Company,
Selective Way Insurance Company,
and Huber Construction, Inc., Defen-
dants.

No. 1:14–cv–383(MAT)(JJM)

United States District Court,
W.D. New York.

Signed May 4, 2017

Julia M. Hilliker, Michael Colin O'Neill, James Matthew Bauer, Hodgson Russ LLP, Buffalo, NY, for Plaintiffs.

Laurie A. Giordano, Jeremy M. Sher, Michael E. Nicholson, Leclair Korona Giordano Cole LLP, Rochester, NY, Dan D. Kohane, Margo Mercedes Lagueras, Hurwitz & Fine, P.C., Deborah J. Chadsey, Kavinoky & Cook, LLP, Richard A. Galbo, Buffalo, NY, for Defendants.

## DECISION and ORDER

HONORABLE MICHAEL A. TELESCA, United States District Judge

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation (Dkt # 56), dated November 4, 2014, issued by United States Magistrate Judge Jeremiah J. McCarthy ("the R & R"). The R & R recommended (1) granting the motion (Dkt # 16) of Buffalo State Alumni Association, Inc., Buffalo State College Foundation Housing Corporation, LPCiminelli, Inc., and LPCiminelli Construction Corp.[1] (collectively, "Plaintiffs") to remand the action to State of New York, Supreme Court, County of Erie due to lack of diversity jurisdiction; and (2) denying the motion (Dkt # 39) of defendant Acadia Insurance Company ("Acadia") for realignment of the parties in order to preserve diversity. Defendant The Cincinnati Insurance Company ("Cincinnati") filed objections (Dkt # 57–2) to the R & R, as well as a reply (Dkt # 62) in response to Plaintiff's response (Dkt # 60) to Cincinnati's objections. Huber Construction Company ("Huber") filed a letter (Dkt # 61) indicating that it was not filing any pleadings in regard to the R & R. Defendant Acadia and defendant Selective Way Insurance Company ("Selective Way") filed affirmations (Dkt ## 58, 63) joining in Cincinnati's objections to the R & R.[2] The matter was transferred (Dkt # 64) to the undersigned on May 1, 2017.

The Court assumes the parties' familiarity with Judge McCarthy's R & R and the fairly complex factual background of the instant proceeding. For the reasons discussed herein, the Court adopts Judge McCarthy's recommendations that realignment of the parties be denied, and that this matter be remanded to state court.

## STANDARD OF REVIEW

█ To preserve a claim for review by the district court, the party must make sufficiently specific objections to the R & R. E.g., Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). "To ac-

---

1. LPCiminelli, Inc. and LPCiminelli Construction Corp. are collectively referred to as "LPCiminelli."

2. Acadia, Selective Way, and Cincinnati are collectively referred to herein as the "Defendant Insurers."

cept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985) (citing FED. R. CIV. P. 72(b), Advisory Comm. Notes (when a party makes no objection, or only general objections to a portion of an R & R, the district judge reviews it for clear error or manifest injustice); further citation omitted). When timely objection has been made to a portion or portions of a magistrate judge's report, the district judge must "make a de novo determination" of "any portion of the ... disposition to which specific written objection has been made...." FED. R. CIV. P. 72(b). The district judge may then accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1).

## DISCUSSION

The R & R recommended granting the remand motion for the following reasons: (1) realigning Huber from being a defendant to a plaintiff is improper because Huber and LPCiminelli have divergent interests (see R & R, pp. 4–5); (2) Huber is a proper party, and even if it were not a proper party, the fraudulent joinder doctrine is inapplicable to this removed action (see R & R, p. 5); (3) the statutory language of 28 U.S.C. § 1447(e) renders it inapplicable to amendments as a matter of course under FED. R. CIV. P. 15(a)(1), since Cincinnati added Huber pursuant to its right to amend as a matter of course (see R & R, pp., 8, 10); (4) notions of fundamental fairness were not offended by LPCiminelli's addition of Huber, notwithstanding the effect of Huber's joinder on diversity of citizenship (see R & R, p. 11); (5) FED. R. CIV. P. 21 may not be used by the Court to drop Huber as a party so as

to restore diversity jurisdiction because Huber's presence deprives the Court of subject matter jurisdiction to act pursuant to FED. R. CIV. P. 21 (see R & R, pp. 12–13); and (6) Title 28 U.S.C., Section 1447(c) requires immediate remand of the action to state court (see R & R, pp. 12–13). Judge McCarthy reached these conclusions after a scholarly and thorough analysis, and expressly recognized that his position was against the weight of the contrary authority.

Cincinnati has asserted a number of specific objections to the R & R focusing on its disagreement with Judge McCarthy's refusal to follow the authority on which it relies, in particular, the R & R's finding that Section 1447(e) is inapplicable because Huber was added pursuant to Rule 15(a)(1). Primarily, Cincinnati urges this Court to apply 28 U.S.C. § 1447(e) as controlling. Section 1447(e) provides that "[i]f[,] after removal[,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the [district] court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Cincinnati faults the R & R for declining to follow Masters v. Erie Ins. Co., 1:13–cv–00694–WMS–HBS (W.D.N.Y. Mar. 31, 2014), which noted that " 'every federal court that has considered the issue,' has determined that the 'the discretionary decision called for by § 1447(e) is appropriate *even when [the] plaintiff has amended as a matter of course under Rule 15(a).*' " Decision and Order (Dkt # 28 in 1:13–cv–00694–WMS–HBS) at 2 (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F.Supp.2d 258, 261 (E.D.N.Y. 2009); emphasis in original). According to Cincinnati, due to the R & R's allegedly erroneous conclusion that Section 1447(e) does not apply here, it failed to conduct the "fundamental fairness" inquiry required under

that statutory section. Cincinnati contends that if such an analysis were performed, the result would be the dismissal of Huber as a party, the denial of Plaintiffs' motion to remand, and the Court's retention of jurisdiction over this action.

For purposes of resolving the pending motions, the Court has assumed arguendo that the discretionary decision called for by 28 U.S.C. § 1447(e) is appropriate even where, as here, Plaintiffs have amended as a matter of course under FED. R. CIV. P. 15(a)(1). As discussed further below, the endpoint of the Court's Section 1447(e) analysis is same as that reached by Judge McCarthy: remand of this proceeding to state court.

■ In order to determine whether to permit joinder and remand a case pursuant to 28 U.S.C. § 1447(e), the Court engages in a two-part analysis. See, e.g., Abraham Nat. Foods Corp. v. Mt. Vernon Fire Ins. Co., 576 F.Supp.2d 421, 424 (E.D.N.Y. 2008) ("The determination as to whether joinder of non-diverse parties in this situation is proper is based on a two-step showing that 'joinder [is] merely permissible under Rule 20 of the Federal Rules of Civil Procedure, and that the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.'") (quoting Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D. 279, 281–82 (E.D.N.Y. 1991); alteration in original). There is no dispute that joinder of Huber is "permissible" under FED. R. CIV. P. 20(a)(2); indispensability of Huber as a party is not required. See Gursky, 139 F.R.D. at 282 ("Courts in this circuit have comported with Hensgens[ v. Deere & Co., 833 F.2d 1179, 1182 n. 1 (5th Cir. 1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989) ] in holding that additional non-diverse parties need not be indispensable to be joined. The courts in the cases cited have instead required that joinder be merely permissible under Rule 20 of the Federal Rules of Civil Procedure ....") (internal citations and footnote omitted). LPCiminelli's claim against Huber is related to the claims made against the defendant insurance companies, and arises out of the same factual circumstances.

■ The Court accordingly turns to the second step, which requires a "fundamental fairness" analysis in order to "ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09-CV-213, 2009 WL 1940731, at *1 (E.D.N.Y. July 2, 2009) (citing Abraham, 576 F.Supp.2d at 424–25). In so doing, the Court "must consider the totality of the circumstances and, in particular, must weigh four factors: '(1) any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigations; and (4) the plaintiff's motivation in moving to amend.'" Id. (quoting Abraham, 576 F.Supp.2d at 425 (citing Gursky, 139 F.R.D. at 282)).

■ As to the first factor, there was no apparent delay in LPCiminelli's amending of the complaint to add Huber as a party. The motion to amend was made 15 days after Cincinnati filed its answer with affirmative defenses, well within the 21–day period permitted under FED. R. CIV. P. 15(a)(1)(B). This factor weighs in favor of joinder.

With regard to the prejudice factor, the Court notes that this case, albeit several years old, is still in its nascency. See, e.g., Grogan v. Babson Bros. Co. of Illinois, 101 F.R.D. 697, 700 (N.D.N.Y. 1984) ("[G]ranting the motion [to remand] will not prejudice the defendant because both lawsuits are in their infancy."). Indeed, "the poten-

tial for additional discovery alone is not sufficient to constitute prejudice[.]" Roll On Express Inc., 2009 WL 1940731, at *4 (citing Gursky, 139 F.R.D. at 283). Here, discovery has not yet even commenced. The Court cannot discern any appreciable prejudice to the parties opposing joinder. See Gursky, 139 F.R.D. at 283 ("[T]he Court fails to see how NML will be prejudiced as a result of the proposed amendment. The need to conduct additional discovery is standard fare when pleadings are amended, and the Court finds nothing prejudicial in having to defend this action in state court.").

With regard to whether Huber's inclusion as a party will potentially help avoid the proliferation of multiple litigations, Plaintiffs argue that separate trials concerning the issue of whether Huber failed to procure the proper insurance coverage could arise if the Insurer Defendants are successful in defeating coverage. In such case, and absent joinder, LPCiminelli would be required to litigate its claims separately against Huber in state court. Specifically, LPCiminelli notes, if Huber is dismissed from this action, and the case against the Insurers results in a finding that no coverage is owed, there is the possibility that Huber, in a later proceeding, could still assert the argument that it did not violate its duty to procure proper coverage for Plaintiffs, thereby exposing LPCiminelli to a second trial with the possibility of a different result. Huber could be prejudiced by dismissal, as well. Huber argued in support of the remand motion that it would be "significantly prejudiced" if joinder were denied, because

> then [LPCiminelli] would commence yet another action to pursue [its] claim for damages against Huber. Huber would then be forced to appear and defend another action, and to implead Cincinnati to assert its cross-claims against Cincinnati for breach of its obligations to

defend and indemnify Huber under the insurance policies.

(Huber's Memorandum of Law (Dkt # 35–2) at 11). The Court finds that judicial economy will be furthered by preventing the proliferation of multiple litigations. This factor therefore weighs in favor of joinder. See Gursky, 139 F.R.D. at 283 ("[R]emand of the present action will avoid wasting judicial resources as well as the inherent dangers of inconsistent results, both of which are at risk when parallel state and federal actions proceed simultaneously."); Wilson v. Famatex GmbH Fabrik, 726 F.Supp. 950, 952 (S.D.N.Y. 1989) ("If joinder is not permitted, a multiplicity of lawsuits may ensue, resulting in extra expense to the parties, the waste of judicial resources and the possibility of conflicting outcomes in separate proceedings involving common questions of law and fact.").

Finally, the Court turns to the question of motive. Cincinnati urges that LPCiminelli's sole motivation in adding Huber as a party was to destroy diversity and force a remand. LPCiminelli argues that its motion to amend to add Huber as of right was occasioned by the filing of Cincinnati's answer, asserting the affirmative defense that Plaintiffs had not named all of the necessary parties. LPCiminelli indicates that upon further consideration, it recognized the "potential necessity and practical sense of including the claims against Huber" and "elect[ed] to name Huber as an additional defendant, in order to seek complete relief in this case." (Plaintiffs' Memorandum of Law in Response to Cincinnati's Objections (Dkt # 60) at 7).

■ It is true that "[j]oinder is not warranted where a plaintiff seeks to add the non-diverse parties 'solely' to bring about a remand to state court." Roll On Express, Inc., 2009 WL 1940731, at *5 (citing Gur-

sky, 139 F.R.D. at 283). However, "when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand, the better rule seems to be that 'in the exercise of ... sound discretion the court may permit a new party to be added, although his citizenship destroys diversity and requires a remand.'" Shaw v. Munford, 526 F.Supp. 1209, 1213–14 (S.D.N.Y. 1981) (quoting 1A Moore's Federal Practice, ¶ 0.161(1), at 209 (2d ed. 1981); ellipsis in Shaw; citing Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (plaintiff permitted to join additional defendant whose presence destroyed diversity jurisdiction and necessitated a remand); Soam Corp. v. Trane Co., 506 F.Supp. 302, 308–09 (S.D.N.Y. 1980) (same); Miller v. Davis, 464 F.Supp. 458, 461 (D. D.C. 1978) (same); other citations omitted); accord, e.g., Roll On Express, Inc., 2009 WL 1940731, at *5; Grogan v. Babson Bros. Co., 101 F.R.D. 697, 700 (N.D.N.Y. 1984)). Such is the case here. The Court finds that Plaintiffs' proffered reasons for adding Huber are legitimate, and that Cincinnati has not established, to this Court's satisfaction, that Plaintiffs moved to join Huber, a non-diverse party, "solely" to effectuate a remand to state court.

In summary, this Court's review of the factors used to assess fundamental fairness under 28 U.S.C. § 1447(e) "provides no convincing basis to overcome the general policy in favor of joinder." Abraham, 576 F.Supp.2d at 426.

## CONCLUSION

For the foregoing reasons, the Court adopts the recommendations in the R & R (Dkt # 56) that the motion for realignment (Dkt # 39) be **denied,** and that the motion for remand (Dkt # 16) be **granted.** As discussed above, the Court finds that the

joinder of Huber was permissible under FED. R. CIV. P. 20, and that Huber's joinder does not offend notions of fundamental fairness. Having so decided, this Court is therefore bound by 28 U.S.C. § 1447(e) to conclude that the present action must be remanded to state court. Accordingly, it is hereby

**ORDERED** that the motion for realignment (Dkt # 39) is **denied,** and it is further

**ORDERED** that Huber remains as a defendant in this proceeding, and it is further

**ORDERED** that this motion for remand (Dkt # 16) is **granted,** and it is further

**ORDERED** that this proceeding is remanded to state court.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

JEREMIAH J. McCARTHY, United States Magistrate Judge

This action has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [8].[1] Before me is plaintiffs' motion to remand the action to State of New York Supreme Court, County of Erie due to lack of diversity jurisdiction [16], and the motion of defendant Acadia Insurance Company ("Acadia") for realignment of the parties in order to preserve diversity [39]. Oral argument was held on October 10, 2014 [44], followed by supplemental briefing. For the following reasons, I recommend that Acadia's motion for realignment be denied, and that plaintiffs' motion for remand be granted.

---

1.  Bracketed references are to CM/ECF docket entries.

## BACKGROUND

On April 15, 2014, plaintiffs commenced this action against defendants The Cincinnati Insurance Company ("Cincinnati"), Acadia, and Selective Way Insurance Company ("Selective")[2] in State of New York Supreme Court, County of Erie, seeking a declaratory judgment entitling them to defense and indemnification from the defendant insurers in connection with a personal injury action pending in State of New York Supreme Court, County of Niagara entitled "Lamarr v. Buffalo State Alumni Association, Inc." (the "Lamarr action"). Complaint [1–5]. The Lamarr action sought damages against the current plaintiffs on behalf of Gilbert Lamarr, an employee of Huber Construction, Inc. ("Huber"), and his wife, Heidi Lamarr, for personal injuries allegedly sustained by Mr. Lamarr on June 4 and July 2, 2010 at the Buffalo State Housing Project in Buffalo [1–6].

On May 22, 2014 defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). Notice of Removal [1]. Cincinnati filed its Answer to the Complaint on May 29, 2014 [5], and Selective filed its Answer on June 12, 2014 [13]. On June 16, 2014 plaintiffs filed an Amended Complaint [15] pursuant Fed. R. Civ. P. ("Rule") 15(a)(1)(B), which allows a party to "amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading".

The Amended Complaint added Huber, a subcontractor of plaintiff LPCiminelli[3] on the Buffalo State Housing Project, as an additional defendant, alleging that "LPCiminelli entered into a subcontract with Huber whereby Huber agreed to procure primary-level Comprehensive Automobile Liability coverage for the benefit of LPCiminelli. While Huber purchased an automobile-liability insurance policy through Cincinnati, Cincinnati has not provided the coverage called for in LPCiminelli's subcontract with Huber. Thus, Huber breached its subcontract with LPCiminelli by failing to procure adequate insurance coverage for LPCiminelli .... In the event that LPCiminelli is not provided a defense and indemnification by Cincinnati, LPCiminelli is entitled to a declaration that Huber must defend and indemnify LPCiminelli in the [Lamarr action] commensurate with the amount of insurance Huber promised to procure for LPCiminelli in the parties' subcontract." [15], ¶¶ 59–61, 64.

On June 16, 2014 plaintiffs moved to remand this action to State of New York Supreme Court, County of Erie pursuant to 28 U.S.C. § 1447(c), alleging that "the amended complaint ... includes a cause of action against a new, nondiverse defendant [Huber]. As a result, diversity of citizenship no longer exists between the plaintiff and the defendants, and this Court no longer has subject-matter jurisdiction under 28 U.S.C. § 1332(a)". O'Neill Declaration [16–1], ¶¶ 3–4.

In opposing the motion, defendants Cincinnati, Acadia and Selective argue that remand should be denied pursuant to 28 U.S.C. § 1447(e), or in the alternative that the court should drop Huber as a party pursuant to Rule 21. *See* Cincinnati's Memorandum of Law [26–2], Acadia's Memorandum of Law [25–3] and Selective's Affirmation [27]. In addition, Acadia moves to realign the parties so that diver-

---

**2.** Although Selective was originally sued as "Selective Insurance Company", its correct name is "Selective Way Insurance Company". *See* Selective's Answer [13].

**3.** Plaintiffs refer to themselves collectively as "LPCiminelli".

sity is preserved, arguing that "Huber's interests are in fact more closely aligned with those of plaintiffs than with those of the defendant insurers". Kohane Affidavit [39], ¶ 2. While Huber initially joined in plaintiffs' request for remand (Huber's Memorandum of Law [35–2] ), it now joins in Acadia's request for realignment to enable this court to continue to assert jurisdiction. Huber's Letter Brief [54].

## ANALYSIS

### A. Acadia's Motion for Realignment

Acadia argues that "a federal court must look beyond the initial pleading and should realign the parties according to their true interests when considering whether or not there is complete diversity". Kohane Affidavit [39], ¶ 10. While realignment may destroy diversity, it also "may create diversity, in which case the district court must retain jurisdiction". 15 Moore's Federal Practice, § 102.20[1] (Matthew Bender 3d ed. 2014).

Plaintiffs admit that "Huber and LPCiminelli may have a common interest in ultimately seeing Cincinnati provide insurance coverage" (plaintiffs' Letter Brief [51], p. 6). However, "if in this action Cincinnati ultimately does not defend or indemnify LPCiminelli, Huber effectively will have failed to procure the automobile-liability insurance coverage it contracted to provide for LPCiminelli under the parties' subcontract". O'Neill Declaration [16–1], ¶ 15; Amended Complaint [15], ¶ 64.

Therefore, the interests of Huber and LPCiminelli, while overlapping in some respects, diverge in others. "Realignment hinges on those issues that divide the parties, not on those on which they agree", Maryland Casualty Co. v. W.R. Grace and Co., 23 F.3d 617, 623 (2d Cir.1993), cert. denied, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 559 (1994), and "[t]he fact that

one defendant may benefit should plaintiff prevail against another defendant is not in and of itself sufficient to sustain realignment". Syms, Inc. v. IBI Security Service, Inc., 586 F.Supp. 53, 56 (S.D.N.Y. 1984). Accordingly, I cannot realign Huber as a plaintiff.

### B. Plaintiffs' Motion for Remand

28 U.S.C. § 1332(a)(1) "and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (emphasis in original). Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant". Id. at 374, 98 S.Ct. 2396.

Acadia argues that "plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection to the controversy". Acadia's Memorandum of Law [25–3], p. 7. However, "[t]he doctrine of fraudulent joinder ... is legally inapplicable when, as here, a nondiverse party is added after removal". Hosein v. CDL West 45th Street, LLC, 2013 WL 4780051, *3 (S.D.N.Y. 2013).

Moreover, Huber clearly has a connection to this dispute: see Cincinnati's Memorandum of Law [26–2], p. 4, n. 2 ("Cincinnati does not dispute that Huber is a proper party"); Huber's Memorandum of Law [35–2], p. 7 ("Huber is a proper party to the action"). As a proper party, Huber's citizenship cannot be ignored. "Even though a party is merely proper ... if in fact he or she has been joined in the action, that party's citizenship must be considered for purposes of determining

whether subject matter jurisdiction exists." 13E Wright, Miller, Cooper et al., Federal Practice & Procedure § 3606 (3d ed. 2014); Baker v. FCH Services, Inc., 376 F.Supp. 1365, 1367 (S.D.N.Y. 1974).

"When a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell International Corp. v. United States, 549 U.S. 457, 473–74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007). If the amendment joins a nondiverse defendant, then diversity jurisdiction is destroyed. See Owen Equipment, 437 U.S. at 374, 98 S.Ct. 2396 ("it is clear that the respondent could not originally have brought suit in federal court naming Owen and OPPD as co-defendants, since citizens of Iowa would have been on both sides of the litigation. Yet the identical lawsuit resulted when she amended her complaint. Complete diversity was destroyed just as surely as if she had sued Owen initially").

Cincinnati admits that by adding Huber as a defendant, "LP Ciminelli ... destroyed diversity". Cincinnati's Memorandum of Law [26–2], p. 4. Nevertheless, it argues that I should apply 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder". Cincinnati's Memorandum of Law [26–2] (citing Masters v. Erie Insurance Co., 2014 U.S. Dist. LEXIS 19037, *4 (W.D.N.Y. 2014) (Skretny, J.)).

In Masters, Judge Skretny perceived "a tension between 28 U.S.C.§ 1447(e), which grants the court discretion to deny an amendment when plaintiff 'seeks to join' defendants who would divest the Court of subject matter jurisdiction and require a remand, and Rule 15, which allows plaintiffs to amend without the court's leave," and noted that "every federal court that has considered the issue [has concluded] that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)". Id., **3–4.

Although I respect Judge Skretny's views, this court "is not bound by the decisions of any courts other than the Second Circuit Court of Appeals and the United States Supreme Court" (Retail Industry Leaders Association v. Suffolk County, 497 F.Supp.2d 403, 416 (E.D.N.Y. 2007)), neither of which have addressed the interplay between Rule 15(a)(1) and 28 U.S.C. § 1447(e). While "I of course look for guidance to a decision by a district judge of this court .... a single district judge's ruling does not establish binding precedent within a district". In re Application of the United States for an Order Authorizing the Use of a Pen Register and a Trap and Trace Device on Wireless Telephone, 2008 WL 5255815, *1 (E.D.N.Y. 2008) (Orenstein, M.J.).[4] "As a result, I am obliged to give the matter presented to me for decision my best independent reading of applicable law, regardless of whether that reading accords with that of my superior." Id.

I fail to see how Masters and the authorities which it cites can find a "tension" between 28 U.S.C. § 1447(e) and Rule 15(a)(1) without first interpreting the text of either provision. That should be the court's initial inquiry, both as to the statute and to the Rule, which "is to be construed by application of the same principles as those used in interpreting statutes". 1 Moore's Federal Practice,

---

4. See also Camreta v. Greene, 563 U.S. 692, 131 S.Ct. 2020, 2033 n.7, 179 L.Ed.2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case").

§ 1.21[1][d]. *See* New York State Division of Human Rights on Complaint of Housing Opportunities Made Equal, Inc. v. Folino, 2011 WL 11068867, *2 (W.D.N.Y. 2011) (Arcara, J.) (where the removal statute's "language ... is clear and consistent, we may not go beyond it"); Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 540–41, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning .... As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous").

28 U.S.C. § 1447(e) applies only where a plaintiff "*seeks* to join additional defendants" (emphasis added). "We give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). "To 'seek' means 'to ask'. The statutory language does not abrogate the judicial officer's discretion to deny the request." United States v. Morales, 1987 WL 5770, *3 (E.D.Wis. 1987).[5]

Here, however, plaintiffs did not "seek" leave to amend under Rule 15(a)(2). Instead, they amended "as of course" under Rule 15(a)(1), which does not require leave of court. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure (Civil) § 1479 (3d ed. 2014) ("any attempt to change the parties by amendment before the time to amend as of course has expired should be governed by Rule 15(a)(1) and may be made without leave of court"); 3 Moore's Federal Practice, § 15.16[1] ("a party's right to amend as a matter of course, if accomplished within the dead-

lines set by Rule 15(a), extends to all amendments including amendments to add or drop parties"); Washington v. New York City Board of Estimate, 709 F.2d 792, 795 (2d Cir.), cert. denied, 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983) ("Washington's May 14, 1981 request to amend the caption to add ... defendants was his first attempt to amend his complaint .... Washington was entitled on May 14, 1981 to amend his complaint *as a matter of right*, and his request at that time should have been granted") (emphasis added).

It has been suggested that "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action". 6 Wright, Miller, Kane, Federal Practice and Procedure (Civil) § 1477. For example, in Clinco v. Roberts, 41 F.Supp.2d 1080, 1086–87 (C.D.Cal. 1999), the court reasoned that "[t]o apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a)".

However, "policy arguments come into play only to the extent that [language] is ambiguous". Sebelius v. Cloer, 569 U.S. 369, 133 S.Ct. 1886, 1895–96, 185 L.Ed.2d 1003 (2013). There is no ambiguity in Rule 15(a)(1): it does not limit the types of pleading amendments that may be made "as of course", and the court may not rely on "policy" to read into the Rule an exception for amendments which defeat jurisdiction. *See* Connecticut National Bank v. Germain 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("nowhere ... has Congress indicated that the unadorned

---

5. While the meaning of "seek" seems clear, if it were ambiguous I would still be required to "resolve any ambiguity in favor of remand". Boeck v. Pacific Cycle, Inc., 2011 WL 98493,

*2 (W.D.N.Y. 2011) (Arcara, J.); Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213, 220 (2d Cir. 2013).

words of [the statute] are in some way limited by implication. It would be dangerous in the extreme to infer that a case for which the words of an instrument expressly provide, shall be exempted from its operation"); Linea Area Nacional de Chile S.A. v. Meissner, 65 F.3d 1034, 1040 (2d Cir. 1995) ("as a policy matter, whether an exception should be created is a question for legislative rather than judicial judgment"); United States v. Owen, 500 F.3d 83, 89–90 (2d Cir. 2007), cert. denied, 552 U.S. 1237, 128 S.Ct. 1459, 170 L.Ed.2d 287 (2008) ("Courts do not have license to question legislative decisions on policy grounds").[6]

"While Rule 15(a) gives the court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed ... a plaintiff's right to amend the complaint once as of right may be described as 'absolute.'" Gaming Marketing Solutions, Inc. v. Cross, 528 F.Supp.2d 403, 406 (S.D.N.Y. 2007). Accordingly, 28 U.S.C. § 1447(e) cannot apply to defeat joinder of a party by amendment under Rule 15(a)(1), since "[t]he court has no discretion to deny a timely amendment made 'as a matter of course'". 3 Moore's Federal Practice, § 15.10[2].[7] See In re Agent Orange Product Liability Litigation, 517 F.3d 76, 103–04 (2d Cir. 2008), cert. denied, 555 U.S. 1218, 129 S.Ct. 1524, 173 L.Ed.2d 667 (2009) ("the Stephensons were entitled to amend their complaint as a matter of right without leave of the district court .... the district court erred in denying the amendment"); Gosain v. State Bank of India, 414 Fed.Appx. 311, 315 (2d Cir. 2011) (Summary Order) ("it was error for the district court to reject the amended complaint when Gosain still had the right to file an amended pleading as a matter of course without leave of the court pursuant to Rule 15(a)"); Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course* ... the court lacks the discretion to reject the amended complaint") (emphasis in original).

While admitting that plaintiffs' joinder of Huber by amendment has "destroyed diversity following removal" (Cincinnati's Memorandum of Law [26–2], p. 4), Cincinnati argues that remand is "only permissible if consistent with principles of fundamental fairness". Id. However, I see nothing inherently unfair in allowing plaintiffs to join a party by amendment "as of course" in order to obtain remand. See Delfosse v. Continental Cas. Co., 2011 WL 2601277, *3 (E.D.Wis. 2011) ("[I]t is obvious that the addition of the new parties is motivated at least partly by the Plaintiff's desire to remain in state court. Forum shopping has a bad name, but in

---

**6.** See also Strope v. Cummings 653 F.3d 1271, 1275 (10th Cir. 2011) ("absent constitutional defects, courts are not at liberty to create exceptions to Congress' unambiguous statutory language, even to prevent manifest injustice"); Garcia v. Adams, 2006 WL 403838, *7 (E.D.Cal. 2006) ("Adams cannot read limitations into the statute that do not exist"); National Foundation, Inc. v. United States, 15 Cl.Ct. 209, 212 (Cl.Ct. 1988) ("the court cannot disregard the unambiguous terms of the statutes to further a desirable policy objective").

**7.** Where the drafters of the Rules intended to give the court discretion over procedures to be taken "as of course", they expressly said so. See Harris v. Twentieth Century–Fox Film Corp., 139 F.2d 571, 572 (2d Cir. 1943) ("Rule 54(d) provides: 'Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs'. The 'unless' clause clearly gives the trial court discretion in allowing costs"). By contrast, Rule 15(a)(1) contains no "unless" clause.

reality it happens all the time. After all, removal to federal court is itself a form of forum shopping. Within bounds, there is nothing to prevent attorneys from using the procedural rules to secure the forum of their choice").

In any event, courts may not "substitute our notions of fairness for the duties which Congress has specifically articulated". Lee v. Burkhart, 991 F.2d 1004, 1010 n. 5 (2d Cir. 1993). Where (as here) diversity jurisdiction no longer exists, the "duty which Congress has specifically articulated" is clearly set forth in 28 U.S.C. § 1447(c): "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded" (emphasis added). "[T]he mandatory 'shall' ... creates an obligation impervious to judicial discretion". Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998) (interpreting the phrase "shall be remanded" under 28 U.S.C. § 1407(a)); National Association of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 661–62, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive"). Notwithstanding the contrary authority cited by defendants, I "have to give effect to this plain command ... even if doing that will reverse [a] longstanding practice", since "[a]ge is no antidote to clear inconsistency with a statute". Lexecon, 523 U.S. at 35, 118 S.Ct. 956.[8]

Acadia suggests that "in the interest of fundamental fairness and justice, this Court can deny joinder under § 1447(e) by exercising its power to *sua sponte* drop Huber as a party under Rule 21, thus restoring complete diversity". Acadia's Memorandum of Law [25–3], p. 13. By asking me to "restore" complete diversity, Acadia admits that diversity jurisdiction does not now exist. "The 'restoration' of a thing never lost ... is a definitional impossibility". Logan v. United States, 552 U.S. 23, 31, 128 S.Ct. 475, 169 L.Ed.2d 432 (2007).

Since complete diversity (and, therefore, subject matter jurisdiction) does not currently exist, I fail to see how the court can exercise nonexistent jurisdiction to order Huber dropped as a party pursuant to Rule 21. *See* Owen Equipment, 437 U.S. at 370 and n. 7, 98 S.Ct. 2396 ("it is axiomatic that the Federal Rules of Civil Procedure do not create ... federal jurisdiction" (*citing* Rule 82)). In my view, any such order would be a nullity, since, as Judge Arcara has held, "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over ... the subject matter". New York State Division of Human Rights, 2011 WL 11068867, *1 (*quoting* Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). *See* Debevoise v. Rutland Railway Corp., 291 F.2d 379, 380, 381 (2d Cir.), cert. denied, 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961) ("It is clear that the district court ... was without jurisdiction to take any action in the case. The parties were not of diverse citizenship .... Since the district court had no jurisdiction all

---

8. In approving the "reasoned decisions" holding that § 1447(e) applies even when a party is added as of course under Rule 15(a)(1), Judge Skretny noted that "they align with the guiding principle that the propriety of removal is to be determined by the pleadings at the time of removal". Masters, *4. However, the propriety of removal is not at issue here—rather, the question is whether the *post*-removal joinder of a nondiverse party necessitates remand.

proceedings taken in it were a nullity").[9]

In any event, 28 U.S.C. § 1447(c) clearly and unconditionally states that where subject matter jurisdiction does not exist, the court must remand the action. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379 (1929). Therefore, mindful of my obligation "to construe removal statutes strictly and resolve doubts in favor of remand" (Purdue Pharma, 704 F.3d at 220), I conclude that remand is mandated irrespective of the availability of Rule 21.

## CONCLUSION

Given the weight of contrary authority on the issue raised by this motion, I feel "akin to the lone salmon swimming upstream against a raging current". In re Johnston, Inc., 164 B.R. 551, 556 (Bkrtcy. E.D.Tex. 1994). Nevertheless, since diversity jurisdiction has been destroyed by plaintiffs' joinder of Huber as a nondiverse party, the command of 28 U.S.C. § 1447(c) seems clear.

Accordingly, I recommend that Acadia's motion for realignment [39] be denied, and that plaintiffs' motion for remand of this action to State of New York Supreme Court, County of Erie [16] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 21, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely ... waives any

right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990–91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection ... supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider objections.

Dated: November 4, 2014

---

9. *But see* Nolan v. Olean General Hospital, 2013 WL 3475475, *1 (W.D.N.Y. 2013), in which Judge Arcara "note[d], without ruling, that dismissal of ... nondiverse defendants

pursuant to [Rule] 21 may ... cure the defect in subject matter jurisdiction". However, as stated therein, that view was not expressed as a formal ruling.